IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 25-mj-158 (GMH) |
| | : | |
| v. | : | DET HEARING: 8/27/25 |
| | : | |
| EDWIN RODRIGUEZ, | : | |
| Defendant | : | |

## DEFENDANT'S MOTION FOR RELEASE

Defendant Edwin Rodriguez, by and through undersigned counsel, respectfully requests that this Honorable Court release him on personal recognizance. In support of this Opposition, undersigned relies on the following points and authorities and states as follows:

**I.    BACKGROUND**

Mr. Rodriguez, a 25-year-old male, son, and brother who resides at a stable residence with his parents and two siblings in Fort Washington, Maryland. This Complaint stems from an August 19, 2025 arrest during a routine traffic stop in which Mr. Rodriguez was polite and cooperative and allegedly admitted he had a firearm in the vehicle when questioned about his Maryland concealed carry permit and police allegedly later recovered marijuana from the vehicle. An individual with no prior criminal record has been detained now for seven (7) days as of the time of the drafting of this pleading. His initial appearance occurred on August 22, 2025 after his case was inexplicably transferred out of Superior Court on August 19, 2025.

Mr. Rodriguez respectfully requests this Honorable Court release him on personal recognizance. However, if the Court is unwilling to release him on personal recognizance, he asks in the alternative to be released with conditions affirming his willingness to comply with any

1

reasonable conditions the Court deems appropriate to reasonably assure the safety of the community, including:

    a. GPS monitoring;

    b. Curfew or home confinement;

    c. Reporting and drug testing with the Pretrial Services Agency;

    d. Refraining from possessing a firearm, destructive device, or other dangerous weapon;

    e. Surrendering his passport;

    f. Remand to 3rd party custody of his parents.

## II. STANDARD OF REVIEW

The Bail Reform Act permits a judicial officer to release a person "subject to the least restrictive further condition, or combination of conditions" that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142 (c) (1). Where, like here, a person is charged with an offense pursuant to 18 U.S.C. § 3142 (f)(1)(E), "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the safety of the community" if the judicial officer finds there is probable cause to believe the person committed the offense. 18 U.S.C. § 3142 (e) (3).

To determine whether conditions of release exist to assure the appearance of the person and the safety of any other person in the community, the judicial officer must consider four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the person; and (4) the nature and seriousness of

the danger to any person or the community posed by the defendant's release. 18 U.S.C. § 3142 (g). The government may show one of two things to meet its burden for preventative detention.

First, the government must show by "clear and convincing evidence" that "no conditions or combination of conditions" will reasonably assure the safety of any other person in the community. In the alternative, the government must show the defendant is a flight risk by a "preponderance of the evidence." *United States v. Vortis*, 785 F.2d 327, 328 (D.C. Cir. 1986) (per curiam). Both the government and the defendant may offer evidence or proceed by proffer. *United States v. Smith*, 79 F.3d 1208, 1209-1210 (D.C. Cir. 1996). Pretrial detention must be considered in the context that: "Consistent with the intent expressed in the legislative history, the statutory scheme of 18 U.S.C. § 3142 continues to favor release over pretrial detention." *United States v. Orta*, 760 F.2d 887, 890 (8th Cir. 1985).

### III. ARGUMENT

The Court should release Mr. Rodriguez on personal recognizance or fashion conditions it deems appropriate. Pretrial detention is not appropriate in this case. While the charges are serious, the nature and the circumstances of the offense are not. The evidence as to Mr. Rodriguez's possession and intent regarding the marijuana recovered is slight. His history and characteristics, including his lack of criminal record and outpouring of family and community support strongly support release. Finally, he poses no danger to anyone in the community. Therefore, all factors favor release in this case.

### A. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE CHARGED FAVORS RELEASE.

The nature and circumstances of the offense favor release on personal recognizance in this case. While the charges are serious, a closer examination of the facts and circumstances reflect more about the current political situation in the nation's capital than any colorable claim that Mr.

Rodriguez is a danger to the community. Mr. Rodriguez was pulled over for a non-moving traffic infraction of not having a front license plate . It is true that Mr. Rodriguez was in possession of a firearm. Mr. Rodriguez is not a prohibited person under 18 U.S.C. 922. In fact, as noted by the arresting officers, Mr. Rodriguez has a concealed carry permit for the state of Maryland, which is one of the strictest states in the nation when it comes to the requirements for issuing a carry permit. Mr. Rodriguez essentially crossed over an imaginary line into the District of Columbia and went from lawfully exercising his Second Amendment rights consistent with some of the strictest state gun laws in the country to illegally possessing a firearm.

While the alleged conduct is illegal nonetheless, context is important—particularly when it comes to a right in this country that has been essentially elevated above all other Constitutional rights. *See N.Y. State Rifle & Pistol Ass'n v. Bruen*, 571 U.S. 1 (2022) (rejecting traditional means-end scrutiny in favor of requiring courts to only uphold gun regulations only if they are consistent with the Nation's historical tradition of firearm regulation). Moreover, undersigned regularly represents individuals similarly situated to Mr. Rodriguez in the District of Columbia Superior Court (individuals from out of state with no criminal record who get arrested for Carrying a Pistol without a License where they have a concealed carry permit from their home state). This same government typically resolves those cases by with Deferred Sentencing Agreements and misdemeanor plea offers.

It is true that officers also recovered roughly a pound of marijuana. However, here, again, context matters when considering the nature and circumstances of the offense. Federal courts have in some cases acknowledged the diminished level of seriousness in federal marijuana prosecutions. *See, e.g., United States v. Dayi,* 980 F.Supp.2d 682, 688–90 (D. Md. 2013); *United States v. Guess, 216 F.Supp.3d 689, 694-695 (E.D. Va. 2016)*.

4

> In *Dayi,* District Judge James K. Brader in the District of Maryland held:
>
> [t]he seriousness of violations of federal marijuana laws has been undercut by (1) recent state enactments decriminalizing, legalizing, and regulating not only the possession of marijuana but also its cultivation, distribution, and sale, and (2) the federal government's expanding policy of non-enforcement. 980 F.Supp.2d 682, 688–90 (D. Md. 2013).

These same principles apply especially where now twenty-four (24) states plus the District of Columbia have legalized marijuana, which represents twelve (12) times the number of states that had legalized at the time *Dayi* was written.

The government cites to a string of cases from this District Court claiming that the "combination of drug distribution and the illegal possession of firearms and ammunition presents a serious danger to public safety." Gov. Det. Memo [E.C.F. 7] at 6. However, the facts of the cases cited bear little resemblance to the nature and circumstances of the offense here. *United States v. Lewis*, 24-CR-144 (LLA) (execution of search warrant recovering multiple firearms and quantity of marijuana by prohibited person with multiple active warrants engaging in check fraud who actively fled the United States Marshalls executing the warrant); *United States v. Carr*, 22-CR-289 (multiple search warrants executed against robbery suspect on pretrial release recovering large quantities of cocaine, fentanyl, multiple illegal and unregistered firearms, large amounts of marijuana, and allegations of evidence tampering); *United States v. Taylor*, 289 F. Supp.3d 55 (D.D.C. 2018) (releasing Defendant charged with seizure of two handguns by prohibited person, an AR-15 rifle, PCP). These cases typically involve possession of multiple firearms by prohibited persons and involve drugs like cocaine, fentanyl, and PCP and other violent conduct.

While the charges are serious, the nature and the circumstances of this offense are not. A lawful gun owner was stopped for a minor, non-incarcerable traffic violation during a time of heightened police *and military* presence in the District of Columbia based on false claims of

emergency by the executive branch in a vehicle that contained much less marijuana than the dozens of dispensary seizure arrests the United States Attorney's Office has repeatedly no papered over the last decade.[1]  Therefore, despite the government's unfortunate use of its discretion in this case to charge it in federal court, the nature and the seriousness of the offense favor release in this case.

### B.   THE WEIGHT OF THE EVIDENCE AGAINST MR. RODRIGUEZ FAVORS RELEASE.

The weight of the evidence that Mr. Rodriguez possessed a firearm he lawfully purchased and is lawfully permitted to carry in the State of Maryland is strong.  However, the strength of the evidence as to whether he actually possessed the marijuana seized and intended to distribute weighs much less.  It is true he was the only person in the car but nothing in the government's Detention Memorandum or the Statement of Probable Cause reflects any statements of ownership or any other evidence regarding knowledge or intent to exercise control over the marijuana— despite Mr. Rodriguez allegedly admitting the firearm was his.  The government makes no mention in any pleading before this Court where in the vehicle the marijuana was recovered.  In addition, the government through an apparent sleight of hand twice states that the rear tag of the vehicle was "confirmed to be registered to the vehicle."  Gov. Det. Mem. at 1 [E.C.F. 7]; Statement of Facts at 1 [E.C.F. 1-1].  Curiously, the government does not state that the vehicle was registered to Mr. Rodriguez.  Therefore, this factor also favors release in this case.

### C.   MR. RODRIGUEZ HISTORY AND CHARACTERISTICS FAVORS RELEASE.

---

[1] One report by News 4 Washington determined that of the 255 marijuana arrests in the District of Columbia between August of 2017 and February of 2019, prosecutors at the United States Attorney's Office for the District of Columbia dropped more than 80% of those cases.  *See* Wasted Resources? I-Team Finds Most Marijuana Raid Charges Are Dismissed, Jodie Fleischer, Katie Leslie, Steve Jones and Jeff Piper, available at https://www.nbcwashington.com/investigations/Wasted-Resources-I-Team-Finds-Most-Marijuana-Raid-Charges-Are-Dismissed-506189581.html.  While this report is somewhat dated, undersigned has represented numerous individuals arrested with far greater quantities of marijuana that have had charges no papered, dismissed, or resolved through diversion agreements or misdemeanor plea agreements in Superior Court.

 

In this case, the Court can reasonably assure the safety of the community by releasing Mr. Rodriguez on personal recognizance or in the alternative exercising its discretion by imposing release conditions as set forth above. Mr. Rodriguez history and characteristics, strong family support, and length of residence in the community all support release.

Mr. Rodriguez is a twenty-five-year-old young man with no criminal history. In 2024, he became the first in his family to graduate college by obtaining a Bachelor of Science in Architectural Design from Morgan State University in Baltimore, Maryland. Mr. Rodriguez is a deeply religious individual who has been active in the Saint Bernard Catholic Church for over eleven (11) years. During his involvement with the church, he has taught Sunday school, attended pilgrimages to Italy and Germany, and engaged in extensive volunteer work. During school (both high school and college) he worked jobs at Nike and Fila. In addition, he works both for his father's construction business and uncle's construction business. At present, he has multiple jobs providing architectural design plans for these businesses as a contractor. In High School, he was an active soccer player who won the MVP award for Prince George's County, Maryland. He has

strong family and community support as evidenced by the letters provided. *See Exhibits 1-5.*[2] He lives in a stable residence with both parents as well as two younger siblings. He has lived in the same home with his parents for the last eleven (11) years and lived prior to that in the same place in Temple Hills, Maryland for ten (10) years. This factor strongly weighs in favor of release.

    **D.    THE NATURE AND SERIOUSNESS OF THE DANGER TO ANY PERSON IN THE COMMUNITY**

There is not a single allegation in this case that Mr. Rodriguez posed a threat to anyone in the community. Even so, in addition to the significant deterrence based on Mr. Rodriguez's arrest and subsequent pretrial incarceration for more than one week at this point for the first time in his life, personal recognizance or Court-ordered conditions, including an order not to possess firearms, can reasonably ensure the safety of the community. Finally, the threat of revocation of pretrial release can reasonably assure that Mr. Rodriguez will not pose any danger to anyone in the community. The government argues generically that the combination of a firearm and marijuana are inherently dangerous activity. However, if Congress wanted pretrial detention automatic in all cases involving a gun and marijuana, it would have dispensed with the four factors in the statute and simply made detention *per se* based on the particular charge. Finally, the Court has no reason to believe or infer he cannot comply with court-ordered conditions because he has no record, and the government has put no compelling evidence or argument forward for the Court to conclude otherwise. Therefore, this factor also favors release.

## **CONCLUSION**

The government's concerns and policy changes alone do not justify pretrial detention, particularly where Mr. Rodriguez has no prior record and a strong, supportive family and

---

[2] Unredacted exhibits are available in undersigned's possession. In addition, it is anticipated for additional letters to be submitted prior the Detention Hearing.

community. Pretrial release is not an exercise where the standard is "abundance of caution." Rather it requires sufficient evidence of danger to be clear and convincing before detention is an appropriate choice. Undersigned respectfully submits that the government has not shown such evidence to justify the draconian remedy of preventative detention.

WHEREFORE, the Defendant respectfully requests that this Honorable Court deny the Government's Motion for Detention and release Mr. Rodriguez on his own recognizance or on conditions the Court deems appropriate.

.

        Respectfully submitted,

        SCROFANO LAW PC

By: _____
        Joseph A. Scrofano
        Bar no.: 994083
        600 F Street NW
        Suite 300
        Washington, DC 20001
        Ph: 202-870-0889
        jas@scrofanolaw.com